IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| David Johnson | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Wayne R. Andersen |
| v. | ) | District Judge |
| | ) | |
| David D. Orr et al., | ) | Case No. 07 C 5900 |
| | ) | |
| | ) | |
| Defendants | ) | |

## **MEMORANDUM ORDER AND OPINION**

This matter comes before the court on defendant's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the motion is granted.

## **OVERVIEW**

On May 14, 2004, the Cook County Treasurer ex-officio County Collector (the "county collector") made a tax sale of land with the Permanent Index Number ("PIN") 15-12-307-023-0000 to Z Financial, LLC ("Z Financial"). The property at issue was sold due to allegedly unpaid 2002 real estate taxes for land in Cook County, Illinois. At some point, the certificate of purchase was sold by Z Financial to the plaintiff, David Johnson, who seeks a tax deed for the property.

The Illinois Property Tax Code gives owners of property subject to a tax sale a right of redemption during which the owner may reclaim the premises by paying the redemption amount. 35 ILCS 200/21-345. The period of redemption for tax sales is at least two years and depends upon the type of premises. 35 ILCS 200/21-350. According to the complaint, the redemption period for the property at issue here expired on September 1, 2006. State law also permits the

1

county collector to file an application in state court to declare a sale in error for a particular property if it meets an exemption provided by law. 35 ILCS 200/21-310. In this case, the county collector made such an application and an Agreed Order was entered by the Circuit Court of Cook County on September 6, 2006. The order stated that the tax sale of the property identified by PIN 15-12-307-023-0000 was a sale in error on the grounds that "the property is owned by the State of Illinois, a Municipality, or Taxing District." Though the order directs Z Financial to surrender the certificate of purchase for cancellation, Johnson signed as "Tax Purchaser." The tax purchaser is entitled to a refund of the principal paid and all costs. Citing Illinois Supreme Court Rule 304(a), the order further states that it is immediately enforceable and appealable.

In October 2006, the plaintiff filed a motion in the Circuit Court of Cook County for an order directing the issuance of a tax deed by the defendants for the property at issue. According to the complaint, the plaintiff complied with all notice and other procedural steps prior to applying for the tax deed. In November 2006, the Circuit Court granted the plaintiff leave to file *instanter* an amended application for the issuance of the tax deed. Rather than filing an amended application or commencing an appeal of the September 2006 Order in state court, the plaintiff filed the present action in federal court.

In his complaint, the plaintiff brings six constitutional claims pursuant to 42 U.S.C. § 1983, seven state law tort claims, a claim under Illinois' Consumer Fraud and Deceptive Business Practices Act, and a claim for promissory estoppel. Among the constitutional claims, the plaintiff alleges that the defendants' refusal to execute the tax deed violates due process, equal protection, and an unreasonable seizure of private property. The plaintiff's state law claims include fraud, interference with economic advantage (both negligent and intentional),

slander, trespass to chattels, and negligent misrepresentation. As noted above, all of plaintiff's claims arise from the dispute over the tax deed sought by the plaintiff.

## STANDARD

To decide a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in a light favorable to the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). A complaint must describe the claim with sufficient detail as to give the defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, the "allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1965).

The standard for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction differs from a Rule 12(b)(6) motion only in that the court is not limited to the jurisdictional contentions asserted in the complaint, but may consider other evidence submitted to determine whether subject matter jurisdiction exists. *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir. 1995).

## ANALYSIS

The defendants argue that this court lacks subject matter jurisdiction to hear this case pursuant to, inter alia, the *Rooker-Feldman* Doctrine and the Tax Injunction Act. We will consider each potential bar in turn.

A. **The Rooker-Feldman Doctrine**

The *Rooker-Feldman* Doctrine, so-named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983), precludes lower federal courts from

exercising jurisdiction over claims that would require the review of a final judgment of a state court brought by the losing party. *Beth-El All Nations Church v. City of Chicago,* 486 F.3d 286, 292 (7th Cir. 2007); *Rizzo v. Sheahan*, 266 F.3d 705, 713 (7th Cir. 2001); *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 943 (N.D. Ill. 2005). Specifically, the Seventh Circuit has held that *Rooker-Feldman* "stands for the principle that decisions of state courts may not be challenged in litigation under § 1983; instead the aggrieved party must pursue all remedies through the state system and then seek certiorari under 28 U.S.C. § 1257." *Durgins v. City of E. St. Louis*, 272 F.3d 841, 844 (7th Cir. 2001).

It is important to note that the injury alleged by the federal plaintiff must have resulted from the state court judgment itself for *Rooker-Feldman* to apply. *Garcia v. Village of Mt. Prospect*, 360 F.3d 630, 634, n. 5 (2004). If the state court judgment itself caused the injury alleged, *Rooker-Feldman* "dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional." *Rizzo*, 266 F.3d at 713 (quoting *Centres v. Town of Brookfield*, Wisconsin, 148 F.3d 699, 702 (7th Cir. 1998)). If the injury was not caused by the state court's decision, jurisdiction may be present or may be removed by a different legal theory. *See Garry v. Geils,* 82 F.3d 1362, 1365 (7th Cir. 1996).

Before considering the case at bar, we lastly recognize that the *Rooker-Feldman* doctrine applies "not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993). *Manley v.City of Chicago*, 236 F.3d 392, 396 (7th Cir. 2001). With this discussion in mind, we first ask whether the plaintiff seeks to set aside an unfavorable state court judgment or whether he presents an independent claim. *Rizzo*, 266 F.3d at 713; *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

The plaintiff has argued at length that he "is not a state-court loser" but rather seeks "recovery of damages resulting from an interference with [a] property right protected by the Constitution of the United States of America." However, the alleged interference of which plaintiff complains stems from the September 2006 Agreed Order declaring the tax sale of property to be in error. The plaintiff further reveals his intent to reverse the decision of the state court with this action when he summarily states that the trial court order "is clearly void as a collateral attack upon the judgment and order of sale . . ." While he seeks monetary damages in addition to the tax deed, there is every indication that the plaintiff brought suit in federal court because he was unlikely to obtain his objectives in state court.

Finally, the plaintiff argues that in Illinois an agreed order is no more than a private agreement of the parties and does not represent a judicial determination of the rights of the parties. *See Kandalepas v. Economou*, 645 N.E.2d 543, 548 (Ill. App. Ct. 1994). However, courts in Illinois are split on the issue of whether an agreed order is sufficient to raise *res judicata. Jackson v. Callan Pub'lg, Inc.*, *826 N.E.2d 413*, 428 (Ill. App. Ct. 2005) (noting the split in authority); compare *Kandalepas,* 645 N.E.2d at 548 (holding that an agreed order is not a judicial determination of the parties' rights, but rather is a recordation of the agreement between the parties that, like any other agreement, is interpreted by the law of contracts) with *SDS Partners, Inc. v. Cramer*, 713 N.E.2d 239, 241(Ill. App. Ct. 1999) (holding that an order entered pursuant to a settlement constituted a final judgment on the merits for the purposes of *res judicata).* In order for res judicata to bar a subsequent action, a final judgment on the merits must have been entered. *Kinzer v. City of Chicago,* 128 Ill. 2d 437, 446, 539 N.E.2d 1216, 1220, 132 Ill. Dec. 410 (1989).

We must agree with the line of cases concluding that an agreed order is conclusive, in other words, a final judgment, with respect to the matters settled by that order or judgment to, which res judicata applies. *See Jackson,* 826 N.E.2d at 428; *Elliott v. LRSL Enterprises, Inc.*, 589 N.E.2d 1074, 1076 (Ill. App. Ct. 1992). "Any other interpretation would effectually nullify all settlements because the same claim would be subject to the possibility of future litigation and double recovery." *Elliott*, 589 N.E.2d at 1076. Like res judicata*,* as discussed above, the *Rooker-Feldman* doctrine precludes review of the final judgment of the state court by a federal court. Thus, we conclude that the September 2006 Agreed Order was a final judgment by a state court and, under the *Rooker-Feldman* doctrine, this court lacks subject matter jurisdiction over plaintiff's claims.

As an aside, plaintiff points out that the September 2006 Agreed Order only describes "Parcel 1" of the two set forth in the complaint. This argument is unpersuasive as there is only a single PIN associated with the property at issue and a single document number. Nevertheless, it is clear to this court that the state court's order intended to void the certificate of purchase and extinguish any rights plaintiff had to a tax deed associated therewith. Plaintiff chose not to raise this issue on appeal or file an amended application as given leave to do so in state court.

B. **Tax Injunction Act**

The district court also lacks jurisdiction over this case pursuant to the Tax Injunction Act, which provides that the "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Tax Injunction Act "withdraws federal jurisdiction even over actions that would indirectly restrain the assessment, levy, or collection of

taxes." *RTC Commercial Assets Trust 1995-NP3-1 v. Phoenix Bond & Indemnity Co.*, 169 F.3d 448, 454 (7th Cir. 1999). Further, a tax lien sale is "a mode of tax collection; and so an action to enjoin it, or declare it illegal, or rescind it . . . would be barred . . ." *Wright v. Pappas*, 256 F.3d 635, 637 (7th Cir. 2001) (holding that a plaintiff who had bought thirteen certificates of purchase was not entitled to a refund just because the he felt he had paid more than the properties were worth). The Seventh Circuit has also held that the goals of this law would "not be achieved if the statutory language were read literally, as barring only injunctions, and so it's been stretched to cover declaratory judgments . . and suits for refund of state taxes." *Id.* at 636 (internal citations omitted).

In this case, the plaintiff is seeking a declaratory judgment enforcing a tax sale that a state court has denied by the September 2006 Agreed Order. Without regard to the avenue of relief that may be pursued in the state courts provided for by state law, the plaintiff wishes this court to interfere in the tax collection practices of the State of Illinois. We may not do this.

Having found that the court does not have jurisdiction, the case is dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (holding that the "requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception") (citations omitted). We need not consider Rule 12(b)(6) and whether the complaint also fails to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [19] for lack of subject matter jurisdiction is granted. This is a final and appealable order.

The civil case being terminated, all outstanding motions are denied as moot.

It is so ordered.

_____
Wayne R. Andersen
District Judge

Dated: December 19, 2007